FILED
2018 Oct-22  PM 04:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **HILTON GERMANY,** ) | |
| **JONNIE BEY** ) | |
| **Plaintiffs.** ) | |
| ) | **Case No.:** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **CITY OF HUNTSVILLE,** ) | |
| **OFFICER W. HALL, individually,** ) | |
| **OFFICER WOODEN, individually,** ) | |
| **OFFICER JOHN DOE , individually,** ) | |
| **OFFICER RICHARD DOE, individually,** ) | |
| **OFFICER BILL DOE, individually,** ) | |
| **Defendants.** ) | |

## COMPLAINT

### I. JURISDICTION

1.   The jurisdiction of this court is invoked pursuant to the Fourth Amendment of the United States Constitution. This is an action brought pursuant to 42 U.S.C. Section 1983, et seq. under this court's state supplemental jurisdiction to recover civil damages arising from the violations of the Fourth Amendment to the U.S. Constitution. Plaintiff alleges that he had the right under the Fourth Amendment to be safe and secure against excessive force, false arrest and unreasonable searches and seizures.

### II. PARTIES

2.   Plaintiff, Hilton Germany, is a citizen of the State of Alabama and brings this lawsuit on behalf of himself.

3.   Plaintiff, Jonnie Bey, is a citizen of the State of Alabama and brings this lawsuit on behalf of herself.

4.   Defendant, City of Huntsville, is a municipal corporation and employer of the individual Defendants named in this action.

5.   The individual defendants, as stated in the caption of the complaint, were at all times, legal persons or entitles within state of Alabama. They were state actors during the course of this incident as more particularly described below, in that they used the power of the state to effectuate

a false arrest and excessive physical force upon the plaintiff, Hilton Germany and excessive force upon the plaintiff, Jonnie Bey.

6. The City of Huntsville employed Officer W. Hall, Officer Wooden, and the other Defendant officers, as policemen, who, were working in the line and scope of his employment with the City of Huntsville, Alabama at the time of the incidents described below. Officers John Doe, Richard Doe, and Bill Doe are officers (identities unknown at this time by the Plaintiffs) who participated in the arrest of Hilton Germany on October 23, 2016.

### III. FACTS OF THE CASE

7. On October 23, 2016, Germany called the Huntsville Police.

8. He called the police in order to have his wife removed from his residence after the two had had a disagreement.

9. When the Defendant officers arrived, Germany was told by one of the officers that his wife could not be removed from the residence.

10. Germany then told the officer that he could leave since he had already stated that he could be of no assistance.

11. However, the officer continued to ask questions to which Germany did not respond.

12. Germany went back inside his home.

13. The officer then threatened to arrest Germany for disturbing the peace.

14. Germany's mother, Plaintiff Jonnie Bey, informed the officer that Germany suffered from PTSD as a result of his service in the Army.

15. Germany told the officer to leave and proceeded into his downstairs den.

16. Germany did this to avoid the stressful situation.

17. The officers then attempted to enter Germany's home.

18. They shoved Bey down to get in the house.

19. Germany then returned upstairs to find the Defendant officers inside his home.

20. The officers told Germany they were going to arrest him.

21. The officers and Germany began arguing with one another.

22. Germany asked the officers to be quiet and leave.

23. Hall then sprayed Germany with pepper spray.

24. Germany then blacked out.

25. Germany came to when he heard his 4-year-old daughter screaming and crying.

26. When he came to, one of the officers was on his back choking him from behind.

27. Germany asked the officers to stop because he was giving in.

28. One of the officers responded that he should have already given in.

29. The officers then proceeded to punch Germany in the back and ribs.

30. Germany asked why they were punching him.

31. And the officers responded that he (Germany) was attempting to reach for a gun.

32. Germany was not reaching for a gun nor anything else.

33. The officers knew he was not reaching for anything as they had his arms and hands pinned.

34. Germany told the officers that he could not breathe because of the chokehold.

35. One of the officers responded to Germany that if he could talk, he could breathe.

36. The officers lifted Germany by his arms and dragged him out of the house.

37. They then dropped him onto the porch.

38. Paramedics arrived and sprayed a solution in Germany's eyes.

39. The paramedics wanted to take Germany to the hospital.

40. But the officers refused and escorted him to a police car instead.

41. The officers took Germany to the police station.

42. When Germany arrived at the police station, the entire right side of his face was swollen.

43. Both of his lips were busted and bleeding.

44. He had a knot on his forehead.

45. He had a black eye.

46. He had contusions on his right eye, cheek, eyebrow, and arms.

47. He also had lacerations on his bicep area.

48. Germany was also left humiliated by the incident.

49. The officers had no warrant to arrest Germany.

50. They had no search warrant to enter the home.

51. They were there only at the request of Germany.

52. And Germany revoked his consent once he realized that they would not assist him.

53. They had not witnessed any crime being committed.

54. At the station, Germany informed the nurse, Sonya, that he needed to go to the hospital.

55. The officers again refused to take him.

56. Germany was charged with disorderly conduct and resisting arrest.

57. Germany was detained at the jail for 2 days.

58. The charges were eventually dismissed.

## IV. COUNT I PLAINTIFF GERMANY'S FALSE ARREST CLAIM AGAINST DEFENDANT OFFICER W. HALL

59. Paragraphs 1-57 are incorporated by reference in this paragraph.

60. Germany was arrested by the Defendant Officer W. Hall for disorderly conduct and resisting arrest without even arguable probable cause.

61. Germany quietly walked back into the privacy of his home when the first officer told him he could not help him.

62. Germany did not make any loud noises.

63. Germany did do anything to cause public inconvenience.

64. Although Germany did not commit the crime of disorderly conduct, he nonetheless complied and did not resist arrest.

65. The Defendant officers knew Germany had not committed any crime.

66. The officers arrested Germany without arguable probable cause in violation of his Fourth Amendment right to be free from unreasonable search and seizure.

67. Germany suffered physical and emotional damages due to the acts of the Defendants.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

## V. COUNT II PLAINTIFF GERMANY'S EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS

68. Paragraphs 1-66 are incorporated by reference in this paragraph.

69. Defendants officers including, but not limited to Defendant Officer W. Hall and Defendant did use excessive and unreasonable force against Germany.

70. This force included punching him in the face, back, and ribs.

71. It also included pepper spraying Germany and slamming him on the concrete porch.

72. Germany was not doing anything which would have warranted the force used on him.

73. The officers' use of force violated Germany's Fourth Amendment right to be free from unreasonable search and seizure.

74. Germany suffered physical and emotional damages due to the acts of the Defendants.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

## VI. COUNT III PLAINTIFF BEY'S EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS

75. Paragraphs 1-73 are incorporated by reference in this paragraph.

76. Plaintiff Bey was not suspected of committing any crime.

77. She was lawfully at her home with her family.

78. No use of force was warranted against Bey.

79. One of the Defendant officers violently shoved Bey to the floor to come into her home without a warrant or any exigent circumstances.

80. The officers' use of force violated Bey's Fourth Amendment right to be free from unreasonable search and seizure.

81. Bey suffered physical and emotional damages due to the acts of the Defendants.

## VII. COUNT IV PLAINTIFFS' ASSAULT AND BATTERY CLAIM AGAINST DEFENDANT CITY OF HUNTSVILLE

82. The individually named Defendant Officers were all employed by Defendant City of Huntsville.

83. The individually named Defendant officers were working in the line and scope of their employment.

84. Each of the Defendant officers performed their actions in an unskillful manner when they assaulted and battered Plaintiffs in this case in the manners described in the previous paragraphs.

85. Plaintiff did sustain injuries and damages as a direct result of the Defendant's agents' actions.

## VIII. COUNT V PLAINTIFFS' ASSAULT AND BATTERY CLAIMS AGAINST DEFENDANT HALL, WOOTEN, DOE, DOE, DOE

86. Defendants did rudely and offensively touch Plaintiffs without permission nor right.

87. Defendant Hall did shove Plaintiff Bey without right or cause to do so.

88. Defendants did punch, kick, slam, and pepper spray Plaintiff Germany without right or cause to do so.

89. Plaintiffs suffered damages from Defendants' assault and battery of them.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

/s/ *Terrell E. McCants*
Terrell E. McCants ASB-2299-L68M
MCC176


Burrell & McCants, LLC
712 32nd Street South
Birmingham, AL 35233
e-mail: terrell@burrellmccants.com
phone: 205-202-5599