FILED
2020 Jan-21 PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

# Huntsville Policy Department Domestic Violence Policy

101-14

# DOMESTIC VIOLENCE

1. PURPOSE: This written directive establishes procedures designed to reduce family homicides, family assaults, police call-backs, liability risks for the Department and injuries to officers.

2. POLICY: In all domestic violence situations, responding officers will take reasonable measures to assist and/or assure the immediate safety of every person who may be affected.  Officers will also determine what actions will be most effective in preventing future violence.  The Huntsville Police Department views domestic violence as a preventable crime and takes a pro-arrest stance toward its prevention.

3. SCOPE: This written directive applies to all personnel.

4. RESPONSIBILITY: It will be the responsibility of all sworn personnel to comply with guidelines established in this written directive.

5. DEFINITIONS: For the purpose of this written directive, the following terms shall mean:

    A. Family, Household, or Dating or Engagement Relationship Members as defined by *Alabama Code 1975* (2006), Criminal Procedure, Section 15-10 (Warrantless Arrest):-

        1. Spouse/Former Spouse;

        2. Parent/Child;

        3. Any person related by marriage or common law marriage;

        4. Child in Common;

        5. Present or Former Household Member (anyone currently residing together, regardless of relationship);

        6. Has or has had a dating/engagement relationship.

    B. "Domestic Violence: "Any incident resulting in the abuse, assault, harassment, or the attempt or threats thereof" between family, household, or dating or engagement relationship members."

    C. Domestic Dispute: Any incident between family, household, or dating or engagement relationship members where the police have been called, regardless

of whether a crime has occurred.

D. "Bodily injury" is any substantial pain to the victim or impairment of the victim's physical condition.

E. "Victim" is any person who is the victim of domestic violence, including victims who are unwilling to file charges or prosecute the offender.

F. "Self-defense" is the justifiable use of physical force when that person believes force is necessary to defend himself/herself, or a third party from what he/she reasonably believes to be the use or imminent use of unlawful physical force by another person.

G. "Probable cause" is the combination of facts, that leads a Police Officer to believe that a crime has been committed and the accused is the person who committed it.

6. COMMUNICATIONS PERSONNEL PROCEDURES

   A. Communications personnel who receive a domestic violence call can provide responding officers with vital information that could prevent harm to the victim and/or officer. The call taker/dispatcher will give a domestic violence call the same priority as any other life-threatening call and will dispatch at least two officers to the scene.

   B. If the call taker/dispatcher receives a subsequent call to cancel the original call, he/she will still send officers to the location to make sure the family is safe and that a crime has not been committed.

   C. Upon completion of a domestic violence/dispute call, the dispatcher should obtain and note call disposition and other pertinent information and log them into the CAD (Computer Aided Dispatch) System. This information can later be retrieved and relayed to officers in the event of future domestic violence-related incidents at a particular location.

7. OFFICERS' PROCEDURES AT THE SCENE

   A. INVESTIGATION

      1. The purpose of any on-scene investigation is to determine the facts of the incident through interviews of all involved parties, recording statements, preserving the crime scene and collecting evidence.

      2. When responding to a family violence call, officers will:

         a.  Assess the need for medical attention and call for medical

       assistance if needed;

   b. Interview all parties separately (i.e., victim, offender and witnesses) using supportive interviewing techniques. Children should be interviewed in a manner appropriate for their age;

   c. After each party has been interviewed separately, officers will confer to decide if an arrest should be made and/or other appropriate action;

   d. Collect and record evidence;

   e. Take color photographs of injuries and property damage to be turned in as evidence;

   f. Prepare an Incident/Offense Report, with a detailed narrative describing the incident and the action(s) taken by Officers.

   g. Complete Domestic Violence Supplemental, if applicable;

   h. If no criminal act was committed or alleged, complete a Miscellaneous Service Report. Records Division will forward a copy to the Domestic Violence Unit.

NOTE: Per, *Alabama Code 1975* (2006), 51-10-3 (Arrest Without Warrant) (c): "When a law enforcement officer investigates an allegation of domestic violence, whether or not an arrest is made, the officer shall make a written report of the alleged incident, including a statement of the complaint, and the disposition of the case." If probable cause exists and no arrest is made, officers **will** document their reasons for not making an arrest.

3. The Domestic Violence Unit will investigate all documented incidents of domestic violence, child abuse events, and all sex crimes. 1st degree assault cases should be investigated by the Major Crimes Unit. 2nd degree assault cases should be investigated by general investigators at their respective precincts. Financial crimes, regardless of whether a domestic violence relationship exists, are the responsibility of the respective precinct investigative squad.

B.    FORCED ENTRY: Officers should make reasonable efforts to make contact with the reporting party, but should not hesitate to force entry should it become necessary to protect victims. Forced entry is permissible any time there is probable cause to believe the safety of a potential victim is in jeopardy.

   1. Probable cause of this type exists when the facts and circumstances within an officer's knowledge, or of which he/she has reasonably trustworthy information, are sufficient to warrant a person of

      reasonable caution to believe that the safety of a potential victim is in jeopardy.

2. Officers must make a practical, common sense determination whether, given all the facts and/or circumstances known (or with due diligence would have been known), there is a reasonable basis for believing that the victim's safety is in jeopardy.

3. In making this decision, officers may take into account everything they personally observe, all physical evidence and all things learned from witnesses or other persons supplying information (hearsay). In evaluating hearsay information, officers should take into account the credibility of the person supplying information and whether there is reasonable basis for believing the content of the information.

4. Officers must document their reason for forced entry in an Incident/Offense Report and notify a supervisor. If practical, a supervisor should be notified prior to any forced entry.

5. In situations where there is no response from the complainant, and forced entry is unnecessary, officers will ensure that all information available has been obtained from the call taker/dispatcher. This information will be documented on a Miscellaneous Service Report and forwarded to the Domestic Violence Unit.

8. ARREST

   A. Arrest is the preferred response to domestic violence situations because arrest offers the greatest potential for ending violence. If a crime has been committed, the responding Officers will give serious consideration to making an arrest.

   1. For the purpose of this Written Directive, *Alabama Code 1975* (2006), Section 15-10-3 (Arrest without warrant) (a) 8, authorizes an officer to affect a warrantless arrest if:

     A. "…an offense involves domestic violence as defined by this section (15-10-3), and the arrest is based on probable cause, regardless of whether the offense is a felony or misdemeanor."

     B. A warrantless arrest may be made when probable cause exists that one of the following crimes has been committed, if meeting the relationship criteria outlined in Section 5 (A) of this Written Directive. (Crimes of domestic violence in the 1st, 2nd, and 3rd degrees shall be included as acts, attempts, or threats of abuse):

     1. Domestic Violence in the First Degree (Assault 1st) ;

    2.    Domestic Violence in the Second Degree (Assault 2nd) ;

    3.    Domestic Violence in the Third Degree:

        a)  Assault 3rd Degree

        b)  Menacing

        c)  Reckless Endangerment

        d)  Harassment

        e)  Criminal Coercion

   4. Violation of a valid Protection Order

Felony crimes with existing domestic violence relationships will require notification of a Domestic Violence Unit Investigator.

NOTE:  If the victim of an alleged kidnapping is present on the scene, but the offender is not, an Incident/Offense Report should be completed and routed to the Domestic Violence Unit (if domestic relationship exists).  If victim is NOT present and is presumed to be with the offender, A Major Crimes Investigator should be notified.  Otherwise, discretion should be used to determine investigator callout.

.

B.   Per *Alabama Code 1975* and departmental policy, officers receiving complaints from opposing parties **shall** evaluate each complaint separately to determine the primary aggressor.  If the officer determines that one person was the primary physical aggressor, the officer need not arrest the other person alleged to have committed domestic violence.  In determining the primary aggressor, the officer shall consider all of the following:

    1.  Prior complaints of domestic violence.

    2.  Relative severity of injuries inflicted to each person.

    3.  Likelihood of future injury to each person.

C.  A law enforcement officer shall not threaten, suggest, or otherwise indicate possible arrest of all parties to discourage the request for intervention by law enforcement from any party.  The decision to arrest or not to arrest will **not** be based on any of the following:   Specific consent or request of the victim;

      1.    Officer perception of the willingness of a victim or witness to the domestic violence to testify or otherwise participate in a judicial proceeding;

    2. Marital status of the parties, except to determine the relationship between the victim and offender as previously defined;

    3. Verbal assurances by either or both parties that the violence will cease;

    4. The officer's concern about reprisals against the victim by the offender;

    5. Race, ethnic background, sexual preference, social class, or occupation of the victim and/or the offender.

D. It is Department policy that an arrest **should** be made if probable cause exists.

E. When the alleged offender is not present, the Officer(s) will attempt to ascertain his/her whereabouts. If, within a reasonable amount of time, the offender is located:

    1. The officer(s) will attempt to make contact and continue the investigation.

    2. Upon further investigation, if officer(s) determine that probable cause exists, an arrest shall be made.

    3. If the incident is a felony, the appropriate investigator **will** be contacted **prior** to making an arrest.

    4. If the arrest is made for a misdemeanor, the officer will swear to the complaint before the Municipal Court Magistrate.

    5. Citation and Complaint Forms will not be used in lieu of arrest in domestic violence situations.

9. NON-ARREST SITUATIONS

  A. If a crime or alleged crime has been committed and the offender is present at the scene, if no arrest is made, the investigating officer(s) will thoroughly document such in the Incident/Offense Report, explaining the reason for the non-arrest.

  B. When the alleged assailant is no longer at the scene and cannot be located, the officer(s) will:

    1. Remain with the victim and offer assistance by explaining the warrant procedure and/or setting up an appointment with the Warrant Magistrate to obtain an arrest warrant; and

    2. Offer to transport the victim and any minor children to a victim's shelter or other place of safety. The transporting officer will notify Communications of the transport, including beginning and ending mileage if applicable. If a

      transport is to be made to a victim's shelter, the geographical location should not be broadcast via radio. Any arrangements should be made by secure phone.

      NOTE: This offer of transportation is to be made whether or not the victim has obtained a warrant.

10. MUTUAL INJURY/SELF-DEFENSE

   A. Officers must determine whether any injuries were caused as a result of self-defense. Arrest of both parties is appropriate when self-defense is **NOT** a factor, the primary aggressor cannot be determined and/or subjects were actively fighting each other.

   B. Appropriate action requires that officers evaluate claims of self-defense rather than making arrests and leaving self-defense claims to the courts. The arrest of a person who has used justifiable self-defense re-victimizes them when they become defendants in the Criminal Justice System.

   C. No arrest shall be made when an officer has probable cause to believe injuries were inflicted ONLY in self-defense.

   D. The reasonableness of the force used is a key question when evaluating claims of self-defense. In domestic violence cases, victims should only use the amount of force necessary to stop the offender's attack. Past and present history of violence and the differences between size and strength of the parties involved should also be considered.

11. REPORTING AND RECORDS REQUIREMENTS

   A. An Incident/Offense Report shall be completed on domestic violence events where at least one of the following exists:

   1. An act of violence is committed, attempted or threatened either in the presence of the officer(s) or reported to the officer(s).

   2. At any time an investigating officer or supervisor believes that a report is appropriate or necessary.

   B. The crime of Domestic Violence 1st Degree, Domestic Violence 2nd Degree, Domestic Violence 3rd Degree or other domestic violence-related crime (Burglary, Rape, etc…) will be placed in box 30 of the report (Type Incident or Offense). The completed report will be routed to the Domestic Violence Unit or Major Crimes Unit by placing "DVU" or "MCU" at the top, center of the form.

       NOTE: If the crime is Domestic Violence 3rd Degree, the specific crime MUST be noted in parenthesis: Assault, Reckless Endangerment, Harassment, etc…In domestic violence cases, "offender" should be

      checked in Block 98 of the Incident/Offense Report, not "suspect."

C. A Domestic Violence Supplemental Report will be completed with all case reports made for a domestic violence-related offense. This information will be used to assist in prosecution and further investigation.

NOTE: Domestic Violence-related Criminal Mischief or Harassing Communications will not require completion of a Domestic Violence Supplemental Report.

1. Each applicable item will be checked, and non-applicable items will be left blank.

2. Personnel will make written documentation of the victim's physical and emotional state, as well as describe and document any and all evidence that is available.

3. A written statement will be obtained from the victim, using the statement form provided on the back of the Domestic Violence Supplemental, along with any alternate contact information. Officers should insist that an alternate phone number be provided, especially if he/she does not have a primary phone number.

4. A written statement will be obtained from any witnesses whenever possible. Witness information should also be noted on the Incident/Offense Report in the appropriate section.

5. Photographs of any physical injury **will** be made and retained as evidence. If the case investigator is present at the scene, the photographs may be released to him/ her, at the investigator's discretion. Photographs can also be used to document other pertinent facets of a crime such as damage to property, interior damage caused during the altercation, etc…

12. CRIME VICTIMS ASSISTANCE AND RIGHTS

A. In all domestic violence situations, especially where the victim has refused the officer's offer of transportation, the investigating officer(s) will advise the victim of the availability of a shelter and other services in the community.

B. All personnel must comply with Senate Bill #565, Act 95-583, pertaining to crimes occurring on and after January 1, 1996. Within seventy-two (72) hours, unless the victim is unavailable or incapacitated as a result of the crime, after the initial contact between a victim of a reported crime and the law enforcement agency either responding to the report of the crime, or having responsibility for investigating the crime, the law enforcement agency shall provide to the victim a form designed and produced for the agency. This form outlines certain options that are available to the victim. This requirement is satisfied by giving the victim a DV packet provided by the department.

    C. If an arrest is made, the officer will advise the victim of the option to be contacted when the offender is released from jail. The arresting officer will advise the Detention Officer on arrival at the Detention Center, or by phone and provide him/her with the victim's name, phone number, and case number. A Detention Center employee should contact the victim when the offender is released.

13. SUPERVISORY PERSONNEL: Field supervisors should monitor the receipt of domestic violence calls within their area of responsibility.

    A. Supervisors will be advised in all cases where a felony has been committed. It will be the supervisor's responsibility to determine whether an investigator should be notified. The on-call Domestic Violence Investigator should be notified under the following circumstances:

        1. Any domestic violence-related felony has occurred (including child abuse but not including any death investigation), regardless of whether the offender is in custody.

        2. A supervisor, after screening the details of the situation, determines that an investigator's expertise or advice is needed.

    B. A supervisor will respond to all family violence calls where the victim or offender is a City of Huntsville employee; or a city, county, state or federal law enforcement employee.

        1. In the event a Huntsville Police Department employee is the offender in a domestic violence event, the supervisor will notify the on-call Domestic Violence Investigator and the on-call Internal Affairs Investigator.

        2. When the arrest of a law enforcement employee is necessary, an Internal Affairs Investigator will make the arrest. If, for some reason the Internal Affairs Investigator is unable to make the arrest, the Internal Affairs Investigator will direct a supervisor to go ahead and make the arrest.