FILED
2020 Jan-21 PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **HILTON GERMANY,** | ) |
| **JONNIE BEY,** | ) |
| | ) |
| **Plaintiffs**, | ) |
| | ) |
| v. | ) CASE NO.: 5:18-cv-01745-LCB |
| | ) |
| **CITY OF HUNTSVILLE,** | ) |
| et al., | ) |
|     **Defendants.** | ) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT WILLIAM HALL'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, Hilton Germany ("Plaintiff" or "Mr. Germany") and in response to William Hall's ("Defendant") first Interrogatories and Requests for Production, responds as follows:

### PRELIMINARY STATEMENT

Plaintiff reserves the right to object to future discovery on the same or related matters, and does not waive any objection by providing the information reflected in these responses. Plaintiff further reserve the right to object to the admissibility of any of these responses or related matters, in whole or in part, at trial in this action, on any grounds, including, but not limited to, materiality, relevance and privilege.

### GENERAL OBJECTIONS

1. Plaintiff's objections to Defendant's discovery requests are made without waiver of, or prejudice to, additional objections that Plaintiff may make. All such objections are hereby expressly preserved as is the right to move for a protective order. Plaintiff reserves all objections as to the admissibility at trial of any information provided.

2. The supplying of any information or documents does not constitute an admission by Plaintiff that such information or documents are relevant in this lawsuit. All information or documents provided by Plaintiff are for use in this litigation only, and for no other purpose.

3. Plaintiff objects to each and every discovery request to the extent that (a) the information or documents called for, if any, were obtained and prepared in anticipation of litigation or for trial and (b) Defendant has made no showing that they have substantial need for the materials in the preparation of its case, and that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

4. Plaintiff objects to each and every discovery request to the extent that the information or documents called for, if any, are protected from discovery by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

5. Plaintiff object to each and every discovery request and objects to the instructions and definitions to the discovery requests to the extent that they seek to vary or broaden Plaintiff's obligations beyond the requirements of the Alabama Rules of Civil Procedure or any pretrial orders of the Court in this civil action.

6. Plaintiff objects to each and every discovery request to the extent that it seeks information or documents not in Plaintiff's possession, custody or control.

7. Plaintiff objects to each and every discovery request to the extent that it is irrelevant, overly broad, vague and ambiguous, oppressive, unduly burdensome, expensive, harassing and beyond the permissible scope of discovery under the Alabama Rules of Civil Procedure.

8.	Plaintiff objects to each and every discovery request to the extent that it seeks information that is confidential, commercial, personnel or proprietary information.

9.	Plaintiff reserves the right to supplement its answers to these discovery requests upon completion of discovery.

10.	To the extent applicable, these General Objections are hereby adopted and incorporated into each response as if specifically stated therein.  The stating of specific objections in a response shall not constitute a waiver of these General Objections.

## RESPONSES TO INTERROGATORIES

1.	You testified at pages 103-07 of your deposition that you received Huntsville Police Department reports regarding the incident. Please identify the name of each report you received, from whom you received it and approximately when you received it.

**RESPONSE: Said Plaintiff objects to this interrogatory.  Rule 33 (a)(1), Fed R. Civ. P., requires that in counting the number of interrogatories permitted to be served by a party, all discrete sub-parts are required to be counted.  By this interrogatory, defendants have exceeded thirty (30) interrogatories, including discrete sub-parts, permitted under Rule 33 (a)(1) , established by agreement of the parties[1], which said agreement was incorporated by the Court into the Scheduling Order[2] in this case.  Subject to and without waiving the preceding objection, Plaintiff does not recall the name of each report he received.  Plaintiff also does not recall from whom he received the reports or when he received it.**

---

[1] Doc. 22
[2] Doc. 23

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Note: The term "document" hereby refers to any and all correspondence, writing, letters, graphics, photographic or sound reproductions of every type and description, statements by persons, letters, books, manuals, communications, telegrams, cables, telex messages, memoranda, work documents, transcripts, minutes, reports, summaries, studies, analysis, evaluations, contracts, charts, publications, lists, tables or tabulations, telephone lists or indexes, graphs, diagrams, plans, diaries, notebooks, ledgers, bills, transfer tickets or slips, claim forms, correspondence, assignments, licenses, checks, check stubs or check registers, vouchers, surveys, pamphlets, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, data sheets, films, photographs, data processing cards, computer records, computer printouts, electronic transmissions or records or printouts thereof, voice recordings or transcripts thereof, handwritten notations, calendars, or journals and should in no way be considered a limited request. This request includes copies of any "document" which contains commentary or notations and is in any way different from the original or contains information different from that information contained on the original.

1.      Any and all documents related to your arrest.

**RESPONSE:  Plaintiff objects to this request as Plaintiff has already produced all documents in his control or possession relating to his arrest.  Further, Defendant has equal, if not greater, access to the requested documents.**

2.      Any and all documents received by you prepared by any of the officers involved in your arrest or any other official or employee of the Huntsville Police Department regarding your arrest.

**RESPONSE:  Plaintiff objects to this request as Plaintiff has already produced all documents in his control or possession relating to his arrest.  Further, Defendant has equal, if not greater, access to the requested documents.**

3.      Any and all documents regarding your criminal cases arising out of your arrest which is the subject of this lawsuit.

**RESPONSE: Plaintiff objects to this request as Plaintiff has already produced all documents in his control or possession regarding criminal cases related to the arrest. Further, Defendant has equal, if not greater, access to the requested documents.**

4.      You testified at pages 103-07 of your deposition that you received Huntsville Police Department reports regarding the incident. Please produce all such reports.

**RESPONSE: Plaintiff objects to this request as Plaintiff has already produced all documents in his control or possession relating to his arrest. Further, Defendant has equal, if not greater, access to the requested documents.**

**AS TO INTERROGATORY RESPONSES:**

_____
By:     Hilton Germany

SUBSCRIBED and SWORN TO before
me on this _____ day of _____, 2019:

_____
Notary Public

My Commission Expires: _____

**AS TO OBJECTIONS:**

/s/ *Terrell E. McCants*
Terrell E. McCants ASB-2299-L68M
MCC176

Burrell & McCants, LLC
712 32nd Street South

Birmingham, AL 35233
Ph: (205) 202-5599
Email: terrell@burrellmccants.com