IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HILTON GERMANY, <br> JONNIE BEY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HUNTSVILLE, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) CASE NO. 5:18-cv-01745-LCB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

REPLY BRIEF OF CITY OF HUNTSVILLE
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The City of Huntsville (the "City") respectfully submits the following in further support of its motion for summary judgment:

A. The Video Evidence Blatantly and Overwhelmingly Contradicts Plaintiffs' Version of Events

Plaintiffs have pointed to what they purport to be a number of alleged "facts" (e.g., Doc. 66 ¶¶ 115-39)[1] that are not merely "disputed," but are either completely unsupported by the record or are in fact <u>utterly refuted</u> by clear video evidence. As far as the City can piece together Plaintiffs' version of events,[2] it seems they contend

---

[1] Citations are to actual page numbers, not ECF page numbers.

[2] The Court has instructed that any response to a statement of facts included in a motion for summary judgment "must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based." (Doc. 11 at 18). "Each statement of fact should be supported by its own evidentiary citation . . . ." (<u>Id.</u> at 18 n.2). But rather than complying with this mandate, Plaintiffs simply make conclusory assertions that some facts are "disputed" without citing to the record (see, e.g., Doc. 66 ¶ 40) and/or by wholesale incorporating previous paragraphs without

that Germany engaged peacefully and cooperatively with Officer Hall from the outset (id. ¶ 116), was almost immediately threatened with arrest (id.), calmly and quietly asked Officer Hall to leave the property (id.), and then cooly advised his mother to go back inside the house (id. ¶ 118). Plaintiffs then appear to recount a fanciful scenario where, after officers entered his house, Germany measuredly advised them that he had not let them in (id. ¶ 126); after the officers sought to effect his arrest, Germany "asked the officers to stop because he was giving up" (id. ¶ 128), but then suffered blows from unspecified "officers" while in handcuffs (id. ¶¶ 128-30).

The video and audio record unambiguously tells a dramatically different story. Germany was threatening violence (to the point of threatening to kill someone), even before the officers arrived. (911 Call pt. 2 at 1:06-1:22). He was immediately combative with Officer Hall and repeated his threat to kill someone. (Hall Bodycam 23:54-59). Officer Hall did not threaten to arrest anyone, but instead inquired into the situation. (Id. 24:00-26:08). In response, Germany shouted profanity loudly enough to be heard by a neighbor, who Officer Hall saw come to the window of a nearby

---

explaining how the earlier responses apply to the later paragraphs (see, e.g., id. ¶ 43). Because this approach fails to meaningfully comply with Plaintiffs' obligations pursuant to Rule 56, the Court should strike or otherwise disregard their factual response (id. ¶¶ 1-113) in its entirety. See, e.g., Wika Instrument I, LP v. Ashcroft, Inc., 2015 WL 11199059, at *1 n.2 (N.D. Ga. July 10, 2015) (disregarding the parties' "incorporat[ion] by reference [of] voluminous statements of undisputed materials facts," as "[i]t is not the court's role to scour the record to determine whether there is a basis for the parties' contentions"). Nonetheless, Defendants have done their best to tease out a coherent factual response from Plaintiffs' deficient brief.

house before stepping outside. (Id. 26:06-17); (e.g., Hall Depo. 18:14-22).[3] After Officer Hall directed Germany to place his hands behind his back, he loudly refused and entered his house, with Bey obstructing Officer Hall's pursuit for several minutes. (Hall Bodycam 26:17-30:18). When Germany retreated further inside and the officers continued their pursuit, Germany truculently refused to cooperate with their arrest,[4] and he violently resisted their efforts to effect that arrest for about a minute and a half before handcuffs could be placed on him. (See, e.g., id. 30:18-32:30). No one punched Germany once he was restrained, and in fact all force ceased as soon as he was handcuffed. (See, e.g., id. 31:55-32:30); (Slater Bodycam 31:55-32:30); (Toney Bodycam 32:14-42). This record wholly discredits the vast majority of Plaintiffs' additional "facts." (Cf. Doc. 66 ¶¶ 37, 40, 46, 68, 116-30).

---

[3] Plaintiffs do not dispute that Officer Hall saw someone come to a window at a nearby house immediately after Germany's outburst, and they point to no evidence to the contrary. (See Doc. 66 ¶ 25) (not disputing Doc. 49 ¶ 25). Plaintiffs simply deny that anyone was *outside* at that specific point in time (see id. ¶ 117), a point that no one has asserted.

Plaintiffs also offer no evidence (see Doc. 66 ¶ 40) to genuinely dispute the fact that after Germany's "very loud outburst," someone *later* came outside and watched events from the front yard of the same property. (See Hall Depo. 23:7-24:10, 75:9-23). At most, Plaintiffs allege that one neighboring house was "unoccupied" (Doc. 66 ¶ 115), but the neighbor in question was standing outside a *different residence* that was not visible to Germany from his vantage point at that time. (See Doc. 49 ¶ 40 & n.4) (citing to record). While some of the officers did not see this neighbor, no witness with a view of that property has denied that the neighbor actually came outside in response to Germany's outburst. (See e.g., Flannery Depo. 13:22-14:1) ("I wasn't looking.").

[4] Plaintiffs assert that it is "disputed" that Germany balled his fists as if to fight the officers, but they cite no evidence to support any contrary version of events. (See Doc. 66 ¶ 68). The video is unclear on this point, but the undisputed witness testimony establishes that Germany did, in fact, engage in this aggressive posture. (Wooden Depo. 12:3-7); (Hall Decl. ¶ 50). No one—not even Plaintiffs themselves—has testified otherwise.

Under controlling precedent, the Court is required to resolve any purported factual disputes in the light depicted by the video evidence. See Scott v. Harris, 550 U.S. 372, 380-81 (2007). Plaintiffs' citations to decisions where video evidence was incomplete or lacked an audio track are entirely inapposite. (See, e.g., Doc. 66 ¶ 17) (citing Logan v. Smith, 439 Fed. Appx. 798, 800-01 (11th Cir. 2011), and Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, 1315-16 & n.2 (11th Cir. 2010)). In contrast to those cases, the Court here has the benefit of *ten* officers' bodycam videos, complete with full sound, recording all relevant events—and "utterly discredit[ing]" Plaintiffs' self-serving testimony and unsupported argumentation. See Scott, 550 U.S. at 380. Because Rule 56 does not require the Court to accept Plaintiffs' "visible fiction," see id. at 381, the record viewed as a whole makes clear that Defendants are entitled to judgment as a matter of law.

    B.    Because the Defendant Officers Are Immune From Suit, the City Remains Entitled to Statutory Immunity from Germany's Claim

Plaintiff Germany concedes that the City is immune for the actions of any Defendant Officer who is entitled to immunity by operation of Ala. Code § 6-5-338. (Doc. 70 at 2-3). Additionally, Plaintiffs do not argue that the City should be held liable for the actions of Officer Sellers or of any other officer who was involved in the events underlying this lawsuit. (See id. at 2-4). Therefore, for the reasons stated in the initial and reply briefs in support of the motions for summary judgment filed

by Officer Hall, Officer Wooden, Officer Flannery, Officer Sellers and Officer Slater, the City is entitled to immunity pursuant to Ala. Code § 6-5-338(b).

Moreover, Plaintiffs have failed to overcome the statutory prohibition on municipal liability for torts as set forth in Ala. Code § 11-47-190. Although Plaintiffs argue that the statute does not bar Count VIII because that claim purportedly sounds in "unskillfulness" (see id. at 3-4), that argument fails for two reasons. First, as the City has argued in its opening brief (and as Plaintiffs do not dispute), Ala. Code § 6-5-338(b) operates to immunize the City *even where an officer allegedly acts with unskillfulness*. (See Doc. 59 at 5-8) (citing, e.g., Hardy v. Town of Hayneville, 50 F. Supp. 2d 1176, 1199 (M.D. Ala. 1999)). Second, and more critically, Plaintiffs offer no *evidence* that the officers in question acted unskillfully; instead, they simply cite the *allegations* of their complaint to that end. (See Doc. 70 at 4) (citing Doc. 28 ¶ 113). A plaintiff's mere allegations in a pleading, without more, are insufficient to survive summary judgment. See, e.g., Levin v. Palm Beach County, 752 Fed. Appx. 734, 739-40 (11th Cir. 2018) (quotation omitted) ("[C]onclusory allegations [are] not sufficient to oppose a motion for summary judgment."); Miles v. Celadon Group, Inc., 382 F. Supp. 3d 1246, 1248 (N.D. Ala. 2019) (noting that party seeking to oppose summary judgment "may not merely rest on his pleadings"). Plaintiffs point to nothing in the record, outside of their single conclusory allegation, supporting any conclusion that the Defendant Officers acted with unskillfulness, neglect, or

5

carelessness. In the absence of such evidence, Ala. Code § 11-47-190 bars Plaintiffs' state-law claim against the City regardless of the impact of Ala. Code § 6-5-338(b).

In summary, Ala. Code § 6-5-338(b) immunizes the City as to Germany's state-law claim in Count VIII because Officer Hall, Officer Wooden, Officer Flannery, Officer Sellers and Officer Slater are each entitled to peace-officer immunity. But even if this were not the case, because Plaintiffs do not dispute that the Defendant Officers acted intentionally (see Doc. 59 at 10), and because Plaintiffs offer no evidence of any officer's purported "neglect, carelessness, or unskillfulness," Ala. Code § 11-47-190 prohibits municipal liability in this case. For both reasons, the City is entitled to immunity as to Germany's state-law assault and battery claim in Cont VIII.

### C.   Conclusion

For the foregoing reasons, and for those stated in the City's initial brief (Doc. 59), the motion for summary judgment filed by the City of Huntsville is due to be granted, and the City is entitled to dismissal from this action with prejudice.

s/ George W. Royer, Jr.  
George W. Royer, Jr.

s/ David J. Canupp  
David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: gwr@LanierFord.com & djc@LanierFord.com

Attorney for Defendant City of Huntsville

CERTIFICATE OF SERVICE

    I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

        Terrell E McCants
        Burrell & McCants
        712 32nd St. S
        Birmingham, AL 35233
        205-202-5599
        Fax: 877-856-3633
        Email: terrell@burrellmccants.com

on this the 12th day of March, 2020.

                                    s/ George W. Royer, Jr.
                                      George W. Royer, Jr.